IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.: 25-CR-2058 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT'S SENTENCING |
| STEVEN WILLIAM ACKLIN, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Steven William Acklin, through counsel, hereby submits the following sentencing memorandum for the sentencing set at 4:00 p.m. on September 22, 2026.

## I. Witnesses

Defendant does not anticipate calling any witnesses at the sentencing hearing.

## II. Exhibits

Defendant anticipates submitting the following exhibits at the sentencing hearing:

A. Character Letters.

## III. Issues

The Final Presentence Investigative Report (PSR) identified the following issues that requires the Court's resolution: 1) Imposition of an assessment pursuant to the Justice for Victims of Trafficking Act of 2015; 2) Imposition of an assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018; and 3) Restitution.

## IV. Sentencing Ranges

Defendant faces a guideline range of 360 months to 420 months imprisonment based on the parties' stipulated sentencing range in the plea agreement. ECF Doc 23-1. By statute,

Defendant faces a maximum sentence of thirty years' imprisonment on count 1 and 40 years' imprisonment on count 4; therefore, the guideline term of imprisonment is 600 months. PSR ¶ 92. The Court may place Defendant on a period of supervised release for five years to life. PSR ¶ 94.

## V. Argument

### A. Assessments

The law requires that "the court shall assess an amount of $5,000 on any non-indigent person…." 18 U.S.C. § 3014(a).

Under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVAA), "the court shall assess . . . not more than $50,000 on any person convicted of a child pornography production offense." 18 U.S.C. § 2259A(a)(3). Money collected under the AVAA funds the "Child Pornography Victims Reserve," which provides assistance to exploited child victims. Id. § 2259B. Imposing the special assessment, the court shall consider, among other things, "the defendant's income, earning capacity, and financial resources." Id. §§ 2259A(c), 3572(a)(1).

The record establishes Defendant's indigency. As a twenty-nine-year-old with a high school diploma, Defendant's work history is limited to jobs in the trades that were not all that lucrative the year the search warrant was executed. PSR ¶¶ 86, 88. He has not earned any money since his arrest and detention nearly a year ago. PSR ¶¶ 2, 86. Defendant stipulated to a minimum 30-year sentence and will not have similar earnings to 2024 during his incarceration. Defendant's net worth is negative $2,400, with no cash flow. PSR ¶ 90. Finally, in light of his sex offender status, it will be nearly impossible for him to shed his indigent status when he is released from the Bureau of Prisons after serving his 30-year sentence.

B. Restitution

"The language of 18 U.S.C. § 2259 reflects a broad restitutionary purpose." *In re Amy Unknown,* 701 F.3d 749, 760 (5th Cir.2012) (*en banc*) (citations omitted); *accord United States v. Julian,* 242 F.3d 1245, 1247 (10th Cir.2001). "Restitution" is the "full amount of the victim's losses as determined by the court," including the costs enumerated in subsections 2259(b)(3)(A) through (F). 18 U.S.C. § 2259(b)(1), (3). The district court resolves "[a]ny dispute as to the proper amount or type of restitution ... by the preponderance of the evidence." *Id.* § 3664(e). The government bears the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense."

The law states that "In determining the amount of the assessment… the court shall consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c). Section 3572(a) provides that the court shall consider, in addition to the factors set forth in section 3553(a):

> (1) the defendant's income, earning capacity, and financial resources;
> (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;
> (3) any pecuniary loss inflicted upon others as a result of the offense;
> (4) whether restitution is ordered or made and the amount of such restitution;
> (5) the need to deprive the defendant of illegally obtained gains from the offense;
> (6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;
> (7) whether the defendant can pass on to consumers or other persons the expense of the fine; and
> (8) if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

As discussed above, Defendant lacks the ability to pay restitution. While Defendant had seen a slow increase in wages, the instant offense and arrest caused him to lose that job.

Five individuals who were depicted in images found in Defendant's possession have requested restitution in varying amounts. PSR Appendices 1 – 4. Defendant will certainly owe some restitution to his victims. To reach the appropriate amount of restitution, the Court will need to conduct the analysis required by *Paroline v. United* States, 572 U.S. 434, 460 (2014). In deciding how to proceed, the Court should note that *Paroline* requires the Court to consider "whether the defendant reproduced or distributed images of the victim[, and] whether the defendant had any connection to the initial production of the images," among other factors. *Id.* at 460. There is no evidence that Defendant reproduced or distributed images of any victim seeking restitution.

C. 18 U.S.C. 3553(a) Considerations and Weigh in Favor of a Sentence of 360 months' imprisonment

The United States Court of Appeals for the Eighth Circuit in *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009), described the broad flexibility afforded sentencing courts imposing sentences tailored to fit not only the crime but the criminal. Defendant respectfully requests the Court impose a sentence of imprisonment of 360 months.

i. Nature and Circumstances of the Offense

The events leading to Defendant's prosecution and plea are accurately documented in both the plea agreement and in the presentence investigation report. Defendant understands the severity of his conduct and admits full responsibility. Nothing written here or argued on his behalf is meant to disrupt or minimize Defendant's acceptance of responsibility.

Between January and September of 2024, Defendant knowingly induced and enticed minors to engage in sexually explicit conduct for the purpose of producing visual depictions of said conduct. PSR ¶ 6. Additionally, Defendant also distributed, transported, received, and possessed visual depictions of child sexual abuse material. PSR ¶¶ 7 – 10. During the period of the offense conduct, Defendant was approximately 26 years old and resided in Waterloo, Iowa.

Defendant's conduct involved communicating via Kik with an undercover agent who was pretending to be both a mother and minor daughter. PSR ¶ 11. The communications were sexually explicit. A search warrant of Defendant's Kik account returned images and videos depicting child pornography. PSR ¶ 22.

On November 15, 2024, following the execution of a search warrant at his home, Defendant consented to an interview with law enforcement. PSR ¶ 26. During this interview, Defendant admitted criminal conduct. *Id*. The forensic examination of Defendant's phone revealed additional child pornography. PSR ¶ 14. Defendant pleaded guilty to a one count of sexual exploitation of children and one count of receipt of child pornography on March 23, 2026. PSR ¶ 1.

Defendant's conduct is clearly aggravating. However, it is mitigating that Defendant never had physical contact with his victims. In his interview with law enforcement, Defendant admitted to using various social media platforms to indulge in his fetishes and sexual fantasies. PSR ¶ 26. Further, he admitted that he received child pornography through these platforms. *Id*. All criminal conduct can be viewed on a spectrum – some egregious conduct is more deserving of strict punishment while other conduct is deserving of leniency. Given the lack of in-person contact, Defendant submits that his conduct falls closer to the end of the spectrum meriting leniency and a sentence of 360 months.

ii. History and Characteristics of the Defendant

Defendant is 29 years old and has resided for most of his life around Eastern Iowa. PSR ¶ 72. Defendant graduated from Charles City High School in 2015. PSR ¶ 83. He has consistently been employed, working in the trades in various capacities since graduating high school, and never going without work for long. PSR ¶ 86.

Defendant has minimal criminal history, only having one prior conviction for drunk driving

when he was 22 years old. PSR ¶ 61. It is noteworthy that in the year after his criminal conduct came to light by the execution of the search warrant and post-*Miranda* interview by law enforcement, Defendant did not have any new law violations or allegations that he engaged in similar conduct. Defendant's age, employment history, lack of criminal history, proven ability for self-improvement and behavior since the investigation demonstrates the likelihood that he will be successful on supervision following discharge from his sentence.

A sentence of 420 months will certainly punish Defendant, but it will not further the goals of sentencing or deter any criminal behavior than would a sentence of 360 months. Deterrence—in the form of preventing Defendant from ever engaging in similar behavior again—will be accomplished by a sentence of imprisonment of 360 months. Three decades in prison adequately meets these goals.

## VI. Conclusion

For all the reasons described above, Defendant respectfully requests the Court impose a sentence sufficient, but not greater than necessary, to satisfy the sentencing objectives applicable to him in the case. Defendant requests the Court impose a sentence in accordance with the foregoing.

FEDERAL DEFENDER'S OFFICE
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401-1509
TELEPHONE: (319) 363-9540
TELEFAX: (319) 363-9542

BY: /s/ Zach D. Crowdes
ZACH D. CROWDES
zach_crowdes@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

By: */s/ Angie McClain*